UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RUDOLPH HOLTON,

        Plaintiff,

v.                                                Case No. 8:08-cv-896-T-24MSS

THE CITY OF TAMPA,
THE TAMPA POLICE DEPARTMENT, et al.,
THE STATE OF FLORIDA, et al.,
OFFICER JOHN DOE #1, OFFICER JOHN DOE #2,

        Defendants.

_____

O R D E R

        The Court has for its consideration pro se prisoner Plaintiff Holton's amended civil rights complaint filed against Defendants pursuant to 42 U.S.C. § 1983. The Court has undertaken a preliminary screening of Plaintiff's complaint in accord with 28 U.S.C. § 1915A. After doing so, the Court concludes that the complaint is due to be dismissed as frivolous because Plaintiff's complaint is barred by the applicable statute of limitations.

        Holton alleges that he was subjected to cruel and unusual punishment when he was wrongly convicted and imprisoned for sixteen and one-half years on death row. He contends that the wrongful conviction resulted from perjured testimony in his criminal trial

and from Police Officers John Doe 1 and John Doe 2 illegally withholding exculpatory evidence.

He seeks compensatory and punitive damages from each defendant for each year he was "wrongfully imprisoned up to 16 1/2 years spent on death row."

Holton is now incarcerated on other charges.[1]

## Background

On January 8, 2007, Holton filed a complaint in case number 8:07-cv-43-T-24EAJ raising similar allegations against different Defendants. The Court dismissed that case, with prejudice. Holton did not appeal.

The Court takes judicial notice of the exhibits Holton filed in case number 8:07-cv-43-T-24EAJ. One exhibit, a newspaper article published in the St. Petersburg Times newspaper on November 3, 2001, reads, in part:

**Man on Death Row Gets New Trial**

**The man [Holton] was convicted 15 years ago of raping and killing a 17 year-old prostitute. Police withheld a crucial crime report.**

Holton knew, in 2001, that he had been granted a new trial based on the police withholding exculpatory evidence.

## Discussion

Plaintiff's claims accrued in 2001 when he was granted a new trial based partly on the police withholding exculpatory evidence. It is clear from the face of the complaint in the present case and the exhibit Holton filed in case number 8:07-cv-43-T-24EAJ that the

---

[1] Holton left death row in 2003 when the state did not retry him. He was later sentenced to 20 years incarceration in another case for choking his wife.

applicable statute of limitations has expired because Holton knew, in 2001, that he had been granted a new trial based on the police officers' actions about which he complains in the present case.

"The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." Clark v. State of Georgia Pardons and Paroles Board, 915 F.2d 636, 640 n.2 (11th Cir. 1990) (citation omitted).  The United States Supreme Court interprets the dictates of section 1988 as requiring in all section 1983 actions the application of the state limitations statute governing personal injury claims. Wilson v. Garcia, 471 U.S. 261, 276-79 (1985); Mullinax v. McElhenney, 817 F.2d 711, 716 n.2 (11th Cir. 1987).  Thus, under Wilson, the proper limitations period for all section 1983 actions in Florida is the four-year limitations period set forth in Fla. Stat. § 95.11(3).

Holton's complaint is barred by the statute of limitations.

**Accordingly, the Court orders**:

That Holton's complaint is dismissed, with prejudice. The Clerk is directed to terminate all pending motions, to enter judgment against Holton, and to close this case.

ORDERED at Tampa, Florida, on June 16, 2008.

SUSAN C. BUCKLEW
United States District Judge

Rudolph Holton